```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
                                         21-CR-467(CBA)
UNITED STATES OF AMERICA,
                                         United States Courthouse
                                         Brooklyn, New York

          -versus-                       October 04, 2021
                                         11:00 a.m.
PATRICK MCCRANN,

               Defendant.

------------------------------x

     TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT AND PLEA
             BEFORE THE HONORABLE CAROL B. AMON
                 UNITED STATES DISTRICT JUDGE

APPEARANCES

For the Government:      UNITED STATES ATTORNEY'S OFFICE
                         Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201
                         BY:  ARTIE MCCONNELL, ESQ.
                         Assistant United States Attorney

For the Defendant:       LAW OFFICE OF ANDREW KARPF
                         537 E. Jericho Turnpike
                         Huntington Station, New York 11746
                         BY:  ANDREW C. KARPF, ESQ.


Court Reporter:          Rivka Teich, CSR, RPR, RMR, FCRR
                         Phone:  718-613-2268
                         Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

2

ARRAIGNMENT - PLEA

1              (In open court.)

2              THE COURTROOM DEPUTY: All Rise. Criminal cause for

3   arraignment and plea, 21-CR-467, U.S. vs. Patrick McCrann.

4              May the parties please state your name for the

5   record, starting with the Government.

6              MR. McCONNELL: Artie McConnell for the Government.

7              MR. KARPF: Andrew Karpf, 537 East Jericho Turnpike,

8   Huntington Station, for Patrick McCrann. Good morning, Judge.

9              THE COURT: Good morning. Do you have an

10  application this morning on behalf of Mr. McCrann?

11             MR. KARPF: Yes. He authorized me to enter a plea

12  of not guilty on the arraignment. Waive the public reading?

13             THE COURT: So we're not going forward with the

14  guilty plea today?

15             MR. KARPF: We are, Judge. I was just arraigning

16  him on the Information.

17             THE COURT: Okay.

18             MR. KARPF: Would you like me to enter that plea

19  now?

20             THE COURT: No. Let me see if I understand it

21  procedurally.

22             Today does he wish to waive Indictment and permit

23  the Government to file an Information?

24             MR. KARPF: Yes, Judge.

25             THE COURT: Thereafter does he wish to enter a

1    guilty plea to that Information?

2            MR. KARPF:  That's correct, Judge.

3            THE COURT:  Pursuant to a plea agreement with the

4    Government.

5            MR. KARPF:  Pursuant to the agreement we have

6    reached with the Government, yes.

7            THE COURT:  Okay.  He was previously arrested on a

8    complaint; is that correct?

9            MR. McCONNELL:  Yes.

10           THE COURT:  Is it McCrann or McCrann?  How do you

11   pronounce it?

12           THE DEFENDANT:  McCrann.

13           THE COURT:  Mr. McCrann, your attorney tells me you

14   wish to do two things today.  One of which is to waive

15   Indictment and permit the Government to file a felony charge

16   against you; and after that, you actually want to enter a

17   guilty plea to the felony charge contained in the Information.

18   Is that accurate?

19           THE DEFENDANT:  That's correct.

20           THE COURT:  These two are very serious decisions.  I

21   have to make sure you understand all of your rights and the

22   consequences of your plea, that means that I'm going to have

23   to ask you a series of questions.  I do require that your

24   answers to my questions be made under oath.  So my Courtroom

25   Deputy will administer an oath to you to tell the truth.

ARRAIGNMENT - PLEA

1      THE COURTROOM DEPUTY:  Raise your right hand,
2 please.
3      (Defendant sworn.)
4      THE DEFENDANT:  Yes.
5      THE COURT:  Having been sworn to tell the truth, you
6 must do that.  If you were to lie on purpose in response to
7 any question that I ask, you could face a further criminal
8 charge for perjury or false statement.  Do you understand
9 that?
10      THE DEFENDANT:  Yes, your Honor.
11      THE COURT:  You can be seated now.
12      Ms. Campbell, did you give me the paper?
13      THE COURTROOM DEPUTY:  Yes.
14      MR. McCONNELL:  That's the original.  They were
15 electronically signed by the parties.
16      THE COURT:  Mr. McCrann, how old are you?
17      THE DEFENDANT:  Fifty-seven.
18      THE COURT:  How far in school did you go?
19      THE DEFENDANT:  High school graduate with some trade
20 school.
21      THE COURT:  Are you presently or have you recently
22 been under the care of a doctor, including a psychiatrist for
23 any reason?
24      THE DEFENDANT:  No psychiatrist, just normal
25 physician.

ARRAIGNMENT - PLEA

1  THE COURT: Are you presently taking medication in
2  connection with any conditions you might have?
3  THE DEFENDANT: Yes. I take blood pressure meds and
4  uric acid meds and cholesterol meds.
5  THE COURT: In the past 24 hours have you taken any
6  of those medications?
7  THE DEFENDANT: Yes.
8  THE COURT: Do they interfere in any with your
9  ability to think clearly?
10  THE DEFENDANT: No, Judge.
11  THE COURT: Have you had any other medication, drugs
12  or alcohol in the last 24 hours?
13  THE DEFENDANT: No, I haven't.
14  THE COURT: Is your mind clear?
15  THE DEFENDANT: Yes.
16  THE COURT: Counsel, have you discussed the question
17  of both waiving Indictment and entering a guilty plea with
18  your client?
19  MR. KARPF: Yes, I have Judge.
20  THE COURT: In your view, does he understand the
21  rights he's waiving, first by waiving Indictment; and second,
22  by pleading guilty to the Information?
23  MR. KARPF: Yes, he understands as to both.
24  THE COURT: Do you have any question about his
25  competency to proceed?

ARRAIGNMENT - PLEA

1          MR. KARPF:  I don't have any question about his
2  competency.
3          THE COURT:  Mr. McCrann, did you read over the
4  charge contained in the Information?
5          THE DEFENDANT:  I have.
6          THE COURT:  Do you believe you understand it?
7          THE DEFENDANT:  I do.
8          THE COURT:  This charge is a felony, it carries a
9  potential prison term of five years.  A prison term can be
10 followed by a term of supervised release, in this case the
11 maximum term of supervised release is three years.  If you
12 violated the terms of your supervised release, you could be
13 sent back to prison for two years.  Do you understand that?
14         THE DEFENDANT:  I do.
15         THE COURT:  It also has a series of financial
16 penalties.
17         What is the maximum fine, Mr. McConnell?
18         MR. McCONNELL:  $250,000.
19         THE COURT:  That's the maximum fine?
20         MR. McCONNELL:  Yes.
21         THE COURT:  Including the language "twice the gross
22 gain"?
23         MR. McCONNELL:  That's correct, for this defendant.
24         THE COURT:  The maximum fine, according to the
25 Government, would be $250,000.

1        Restitution, what do you believe that would be?
2            MR. McCONNELL:  The restitution number we're still
3    trying to figure out exactly how much that might be.  It's
4    difficult to determine whether or not there was loss, to which
5    entity that loss should be attributed to.  I don't believe it
6    will be more than the amount in the defendant's forfeiture
7    waiver, which is $200,000.  It's still something that we're
8    working out and discussing with counsel.
9            THE COURT:  All right.  Mr. McCrann, so you
10   understand it.  Certain statutes require the Court to impose
11   restitution if I find that there are victims of the crime and
12   that they've had a loss.  The Government indicates at this
13   point they can't tell you what that figure would be.
14           But the maximum you believe it would be is around
15   200,000?
16           MR. McCONNELL:  That's correct.
17           THE COURT:  Do you understand that?
18           THE DEFENDANT:  I do.
19           THE COURT:  There is $100 special assessment that is
20   mandatory.  Do you understand that?
21           THE DEFENDANT:  Yes.
22           THE COURT:  You've agreed to a criminal forfeiture
23   judgment of, $200,000.  Do you understand that?
24           THE DEFENDANT:  I do.
25           THE COURT:  All of those penalties can be imposed

1  consecutively if I make the correct finding at sentence.  It
2  would be $250,000 fine, restitution would be in addition to
3  that, $100 to that is in addition to that, and the criminal
4  forfeiture is in addition to that.  Do you understand that
5  they can be consecutively imposed; is that clear?
6             THE DEFENDANT:  Yes.
7             THE COURT:  On a crime of this severity, the
8  Government cannot come to court and just file this charge in
9  the form of an Information, the charge you've read before,
10 correct?
11            THE DEFENDANT:  Yes.
12            THE COURT:  The charge is that between July 2013 and
13 January 2019 -- I'm summarizing it now -- that the defendant
14 Patrick McCrann knowingly, intentionally used facilities of
15 interstate commerce, which I take the Government would say is
16 the cellphone.
17            MR. McCONNELL:  That's correct.
18            THE COURT:  And you used that to carry out an
19 unlawful activity, which is receiving a commercial bribe.
20 Then you acted after to promote and carry out this receipt of
21 a commercial bribe.
22            As I said, that's a felony.  The Government can't
23 come to court and file a charge like that unless you agree to
24 it.  What they would otherwise have to do is present evidence
25 to a Grand Jury.

1  A Grand Jury is a body of 23 citizens.  They would
2 have to persuade a majority of the Grand Jury that there was
3 probable cause to believe that you committed the offense.  If
4 the Grand Jury found probable cause, they would return the
5 charge in the form of what is called an Indictment.  But if
6 they found that the Government's evidence was unsufficient
7 then no charge would be returned.  Do you understand that?
8  THE DEFENDANT:  Yes.
9  THE COURT:  When you waive Indictment what you're
10 doing is letting the Government just come to court and file
11 the charge.  And you're giving up that right to have a Grand
12 Jury consider whether the charge should be brought.  Do you
13 understand that?
14  THE DEFENDANT:  Yes.
15  THE COURT:  Are you willing to give up your right to
16 an Indictment and allow the Government to proceed with an
17 Information?
18  THE DEFENDANT:  Yes.
19  THE COURT:  Is this something that you discussed
20 with your counsel?
21  THE DEFENDANT:  I have.
22  THE COURT:  Are you satisfied to have him represent
23 you today in connection with both the waiver of Indictment and
24 your entry of a guilty plea?
25  THE DEFENDANT:  Yes.

1            THE COURT:  You've previously signed this waiver of
2    Indictment, correct?
3            THE DEFENDANT:  Yes, I did.
4            THE COURT:  Then I'll sign it and approve it.
5            I explained the charge a bit to you.  Let me just go
6    over it one more time.
7            The Government is charging a violation here, again,
8    it's that between July of 2013 and January of 2019 that you
9    knowingly and intentionally used a facility of interstate or
10   foreign commerce to promote a crime or an unlawful activity.
11   They have said here that the instrumentality of interstate
12   commerce that they would prove is that you used a cellphone.
13           They then said that crime that was promoted is
14   commercial bribery.  They would have to prove each of the
15   elements of commercial bribery, as well to prove that offense.
16           The elements of commercial bribery are that as an
17   employee you accepted some form of benefit from another
18   person, that you solicited or agreed to accept the benefit
19   with the understanding that it would influence your conduct in
20   relation to your employer's affairs, and that you did this
21   without getting the employer's consent or without the
22   employer's consent.  And then after that, you continued to act
23   to carry out that unlawful activity.  Do you understand the
24   charge?
25           THE DEFENDANT:  I do.

ARRAIGNMENT - PLEA

1      THE COURT:  Let me now go over with you rights that
2 you have.  These are rights that you give up if you decide to
3 plead guilty.
4      First of all, you have the right to plead not
5 guilty.  Do you understand that?
6      THE DEFENDANT:  I do.
7      THE COURT:  If you pled not guilty to the charge
8 you'd have a right under the Constitution and laws of the
9 United States to a speedy and public trial before a jury with
10 the assistance of your attorney.  Do you understand?
11      THE DEFENDANT:  Yes.
12      THE COURT:  At any trial you would be presumed
13 innocent.  You don't have to prove your innocence.  It is the
14 Government that has the burden of proof; and that is proof
15 beyond a reasonable doubt that you're guilty of the crime
16 charged.
17      If the Government failed to meet the burden of
18 proof, the jury would have the duty to find you not guilty.
19 Do you understand?
20      THE DEFENDANT:  Yes.
21      THE COURT:  In the course of the trial witnesses for
22 the Government have to come to court.  They have to testify in
23 your presence.  Your lawyer would have the right to
24 cross-examine those witnesses.  He can raise legal objections
25 to any evidence the Government sought to offer against you.

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*

1   He can offer evidence on your behalf, that would include the
2   right to subpoena witnesses to come to court to testify on
3   your behalf.  Do you understand that?
4           THE DEFENDANT:  Yes.
5           THE COURT:  At trial you'd have the right to testify
6   on your behalf if you wanted to.  On the other hand, you could
7   not be forced to be a witness at your trial.  Under the
8   Constitution and laws of the United States, no person can be
9   made to be a witness against himself.  If you wanted to go to
10  trial but you choose not to testify, I would instruct the jury
11  they cannot hold that against you.  Do you understand?
12          THE DEFENDANT:  I do.
13          THE COURT:  If instead of going to trial, you plead
14  guilty to the crime and I accept your guilty plea, you'll be
15  giving up your right to a trial and all the other rights I've
16  just discussed.  There will be no trial in this case, and no
17  right to any appeal on the question of whether you did or did
18  not commit the crime.  I will simply enter a judgment of
19  guilty based upon your plea.  Do you understand?
20          THE DEFENDANT:  Yes.
21          THE COURT:  If you do plead guilty I'm going to have
22  to ask you questions about what you did in order to satisfy
23  myself that you are guilty of the charge.  You're going to
24  have to answer my questions and admit your guilt.  That means
25  you'll be giving up your right not to incriminate yourself.

1  Do you understand?

2      THE DEFENDANT: Yes.

3      THE COURT: Are you willing to give up your right to
4  a trial and all the other rights that I've just discussed?

5      THE DEFENDANT: I am.

6      THE COURT: I have before me a document marked
7  Government's Exhibit 1, a nine-page document, plea agreement.

8      Let me ask you, Mr. McConnell, do you represent on
9  behalf of United States Attorney's Office for the Eastern
10 District of New York that this nine-page document contains the
11 entirety of any understanding your office has reached with
12 this defendant?

13     MR. McCONNELL: Yes, I do.

14     THE COURT: Counsel, is that your understanding as
15 well?

16     MR. KARPF: That is my understanding, Judge.

17     THE COURT: Mr. McCrann, did you read over the plea
18 agreement?

19     THE DEFENDANT: I did.

20     THE COURT: Did you discuss the various provisions
21 of the plea agreement with your attorney?

22     THE DEFENDANT: We did.

23     THE COURT: Do you understand them?

24     THE DEFENDANT: I do.

25     THE COURT: Is there anything at all that is not

1   clear in this agreement that you would like explained in any
2   further detail now?
3           THE DEFENDANT:  No.  Andrew did a great job
4   explaining it to me, your Honor.
5           THE COURT:  Did the Government make a promise to you
6   that they didn't put in this agreement?
7           THE DEFENDANT:  No.
8           THE COURT:  Let me go over once again the maximum
9   penalty for this offense so it's clear so you understand it.
10  The maximum term of imprisonment is five years.  Do you
11  understand that?
12          THE DEFENDANT:  Yes.
13          THE COURT:  The statute permits the Court also to
14  place you on supervised release.  And supervised release is a
15  period of time that would begin after service of a prison
16  term.  You serve your prison term, then you would be released
17  on supervised release.  The maximum period of supervised
18  release you could be placed on would be three years.  Were you
19  to violate terms and conditions of your supervised release, I
20  could send you back to prison for two full years without
21  getting credit for the time you spent on supervised release.
22  Do you understand that?
23          THE DEFENDANT:  Yes.
24          THE COURT:  I also reviewed with you in some detail
25  earlier the financial penalties, I want to go over them again.

1        The fine, the Government says the fine would be
2   $250,000.  If they also determine or persuade the Court that
3   there were victims of this offense then this is the type of
4   statute where I would be required to impose restitution.  The
5   Government says that if they believe they can -- if they prove
6   there are victims of this offense, they believe the maximum
7   amount of restitution would be approximately $200,000.  Do you
8   understand that?
9            THE DEFENDANT:  Yes.
10           THE COURT:  There is a $100 special assessment;
11  again, I have to impose that.  Then there is criminal
12  forfeiture.
13           One thing I should make plain to you, pursuant to
14  your plea agreement you're agreeing to the criminal forfeiture
15  in the amount of $200,000.  Do you understand that?
16           THE DEFENDANT:  Yes.
17           THE COURT:  If you didn't agree to that, that's
18  something that the Government -- you would be also entitled to
19  a jury trial on the criminal forfeiture.  The jury would have
20  to find that the money should be forfeited.  Do you understand
21  that?
22           THE DEFENDANT:  Yes.
23           THE COURT:  I take it, Mr. McCrann, you're a United
24  States citizen; is that correct?
25           THE DEFENDANT:  I am.

1    THE COURT:  Have you discussed sentencing guidelines
2 with your attorney and how they are calculated?
3    THE DEFENDANT:  Yes.
4    THE COURT:  The Government in the plea agreement
5 estimates that your guideline range is 18 to 24 months.  The
6 plea agreement also notes that you've agreed not to challenge
7 that guideline range, that you stipulated that that's correct.
8 Do you understand that?
9    THE DEFENDANT:  I do.
10    THE COURT:  One thing that I have to tell you now is
11 that this agreed-upon guideline rage, I'm not bound by that.
12 It's my responsibility to determine what the guideline range
13 is.  I simply don't have enough information now to tell what
14 you what that calculation could be.
15    So even although the Government and your counsel all
16 think it's 18 to 24 months, it is possible it could be higher
17 based on some fact that the parties haven't considered that
18 comes to light at the time of sentencing.  Do you understand
19 that?
20    THE DEFENDANT:  Yes.
21    THE COURT:  Once I find the guideline range, it's a
22 very important factor in sentencing but I don't have to follow
23 it.  In other words, I'm not required to impose a sentence
24 within the guideline range.  There are other factors that the
25 Court has no consider as well.  Some of those factors are the

1  seriousness of the offense, the need to promote respect for
2  the law, to provide just punishment.  There are also
3  considerations of deterrence to criminal conduct.  I also have
4  to take into account the nature and circumstances of this
5  particular offense, as well your own background.  Do you
6  understand that?
7              THE DEFENDANT:  Yes.
8              THE COURT:  If you enter a guilty plea in this case
9  today, your guilty plea will stand.  You can't come back to
10 court at the time of sentence and tell me you want to change
11 your mind and you want to go to trial.  At that point it's too
12 late.  Do you understand?
13             THE DEFENDANT:  I do.
14             THE COURT:  Do you have any questions that you want
15 to ask me about the charge, your rights, or anything else
16 related to this matter that might not be clear?
17             THE DEFENDANT:  I fully understand, your Honor.
18 Thank you.
19             THE COURT:  Counsel, do you know of any reason why
20 your client should not enter a plea of guilty to the
21 Information?
22             MR. KARPF:  No.
23             THE COURT:  Are you ready to plea, Mr. McCrann?
24             THE DEFENDANT:  Yes.
25             THE COURT:  How do you plea to the charge in the

1   Information, guilty or not guilty?

2               THE DEFENDANT:  Guilty.

3               THE COURT:  Are you making this plea of guilty

4   voluntarily of your own free will?

5               THE DEFENDANT:  Yes.

6               THE COURT:  Has anyone threatened or forced you or

7   pressured you in any way to plead guilty?

8               THE DEFENDANT:  No.

9               THE COURT:  Other than the agreement with the

10  Government, has anyone made you a promise that caused to you

11  plead guilty?

12              THE DEFENDANT:  No.

13              THE COURT:  Did anyone promise you what sentence

14  you'd get?

15              THE DEFENDANT:  No.

16              THE COURT:  I need to hear from you in your own

17  words what did you in connection with the crime charged.

18              THE DEFENDANT:  In or about and between July 2013

19  and January 2019, both dates approximate and inclusive, within

20  the Eastern District of New York and elsewhere, I knowingly,

21  intentionally used a facility of interstate commerce with the

22  intent to carry on an unlawful act.  Specifically, I engaged

23  in a scheme related to my employment with National Grid to

24  receive bribes without the consent of my employer in exchange

25  of contracts with outside vendors.

ARRAIGNMENT - PLEA

1 In furtherance of this scheme and in addition to
2 other acts, I utilized my cellphone to send and receive text
3 messages with a contractor to arrange for the receipt of cash
4 and other bribes. And then met with that person.
5 I knew that my actions were wrong and illegal, and
6 I'm very sorry.
7 THE COURT: Was the bribe taken for the purpose of
8 awarding a contract to this person, is that what it was about?
9 THE DEFENDANT: Yes.
10 THE COURT: Where were your offices? Where were you
11 when you were doing this activity, were in you Brooklyn or
12 Queens?
13 THE DEFENDANT: All over, but primarily Long Island,
14 Nassau County, Suffolk County.
15 THE COURT: Mr. McConnell, does the Court need to
16 make any further inquiry?
17 MR. McCONNELL: That's sufficient.
18 THE COURT: How about you, Counsel.
19 MR. KARPF: It was covered.
20 THE COURT: Based on the information given to me, I
21 find the defendant is acting voluntarily, that he fully
22 understands the charges, rights, and the consequences of his
23 plea. And there is a factual basis for the plea. So I accept
24 both the waiver of Indictment and the plea of guilty to the
25 Information.

1          We need to set a sentencing schedule.

2          THE COURTROOM DEPUTY:  PSR report will be due

3   December 27, 2021; defense papers due January 10, 2022;

4   Government papers January 17, 2022; and sentencing set for

5   January 24, 2022 at 10:00 a.m.

6          MR. McCONNELL:  The other defendants were much

7   further out.

8          THE COURT:  We'll leave this one and then we'll

9   look.

10         THE COURTROOM DEPUTY:  I'll check back.

11         THE COURT:  We'll leave that schedule.  Did you get

12  that schedule?

13         MR. KARPF:  Yes, Judge.

14         THE COURT:  Anything further from the defense?

15         MR. KARPF:  No, thank you, Judge.

16         (Whereupon, the matter was concluded.)

17                 *     *     *     *     *

18  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
19

20  */s/ Rivka Teich*
    Rivka Teich, CSR RPR RMR FCRR
21  Official Court Reporter
    Eastern District of New York
22

23

24

25

*Rivka Teich CSR RPR RMR FCRR*
*Official Court Reporter*